In the Matter of the Estate of EDWARD O'BRIEN, Also Known as EDWARD J. O'BRIEN, Deceased.

Surrogate's Court, Bronx County, June 11, 1935.

*Harry Roter,* for the petitioner.

*Denis R. Sheil,* for Elizabeth Donnelly, legatee.

*O. J. & W. J. Kalt,* attorneys in person.

HENDERSON, S.   The proceedings for payment of funeral expenses and for fixation of attorneys' fees are consolidated with the accounting proceeding.

A construction of the decedent's will is sought in the proceeding to settle the account of the administratrix whose letters were revoked by the subsequent probate decree.

The will was executed on November 27, 1933, and reads as follows: " Mrs. Eliz. Donnelly, can have all my personal things, and furniture Radio, etc."

The testator died the same day, leaving as his sole distributee a niece, the accounting administratrix. The sole beneficiary under his will is not related to him. She has filed objections and now represents the estate as administratrix with the will annexed.

The question presented is whether or not a pecuniary legacy bequeathed to the testator under the will of another who predeceased him, passes under his will or is distributable as intestate property. This legacy had not been paid at the date of the decedent's death, but was thereafter paid in an abated amount to the former administratrix. The determination of the question depends upon the testator's intention and upon the meaning of " personal things " as he used that expression. There is no intimation in the will that he used the words in any sense other than their usual or ordinary meaning, to wit, goods and items of property having a more or less intimate relation to the person of the possessor. On the contrary, such meaning is supported by his addition of the words " and furniture Radio, etc.," for household things and furniture are frequently meant to be included in the expression " personal things." (Webster New Int. Dict.; Funk & Wagnalls New Stand. Dict.) There is nothing to indicate that the testator, in executing this will, had in mind any property other than his personal articles and his household things and furniture.

Recourse to canons of construction may be had in seeking the intent of a testator who has not clearly expressed it, but in view of the text of the will before me, the presumption against partial intestacy is weaker than, and must yield to, the presumption against disherison. The rule that a construction in favor of kindred should be preferred over one in favor of strangers " can be overcome only by clear and unequivocal language." (*Wood* v. *Mitcham,* 92 N. Y. 375, 379, 380.)

I hold, therefore, that the testator died intestate as to the legacy in question.

The other objections of Mrs. Donnelly are addressed to payments by the accountant. The intestate property exceeds the aggregate amount of the items chargeable against the estate, and this objectant is, therefore, not interested in the issues raised by these objections. They are accordingly dismissed.

The undertaker's bill was adjusted by the parties at the sum of $250, and the balance of its objections are dismissed as it is no longer interested in the question.

The compensation of the petitioning attorneys is fixed at the sum of $158.40, inclusive of disbursements, payable out of the accountant's distributive share in the estate.

Disposition of all estate matters has been made, except the fees and disbursements of the attorney for the administratrix with the will annexed. To the end that distribution of this small estate may be directed in this proceeding without involving a transfer to and an accounting by the present representative, the interested parties should agree upon the amount thereof, or a proceeding to fix such compensation should be promptly instituted. In the latter event, the settlement of the decree herein may await the termination of that proceeding. Prompt determination thereof may be obtained upon waivers or notices of appearances.

Proceed accordingly and settle decree.